In the Matter of MIMI NEUHAUS et al., Respondents, v STATEN ISLAND BOARD OF REALTORS, INC., Appellant, and SAFARI REAL ESTATE BROKERS, INC., et al., Respondents. (And Another Title.) [845 NYS2d 792]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award and for certain declaratory and injunctive relief against the Staten Island Board of Realtors, Inc., the Staten Island Board of Realtors, Inc., appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated February 1, 2006, which, inter alia, granted the petition in its entirety and denied its motion, inter alia, pursuant to CPLR 3211 to dismiss the petition.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion which was to dismiss the second cause of action and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting relief on the second cause of action and substituting therefor a provision denying that relief; as so modified, the order is affirmed, with one bill of costs to the appellant.

Staten Island Board of Realtors, Inc. (hereinafter SIBOR), whose members served as arbitrators in a fee dispute between the petitioners Mimi Neuhaus and Neuhaus Real Estate, Inc. (hereinafter collectively Neuhaus), and the respondents Safari Real Estate Brokers, Inc., and Frank Reali, was not a party to the arbitration. As a result, SIBOR lacked standing, in the context of a CPLR article 75 proceeding, either to seek confirma-

tion of the subject arbitration award or to oppose a petition to vacate it (see CPLR 7510, 7511). We express no view as to whether the Supreme Court erred in vacating the subject arbitration award.

SIBOR had standing to challenge so much of the Supreme Court's order as awarded relief on the second cause of action for certain declaratory and injunctive relief against SIBOR (see CPLR 5511). Specifically, the second cause of action sought a declaration that SIBOR's arbitration procedures "are in violation of its own rules and contrary to principles of due process," as well as an order generally enjoining SIBOR "from conducting further arbitration or ethics hearings until it brings its procedures in compliance with Professional Standards." Such declaratory and injunctive relief against an arbitral body is not available in the context of a CPLR article 75 proceeding, and the Supreme Court therefore erred in awarding that relief. Accordingly, that branch of SIBOR's motion which was to dismiss the second cause of action should have been granted. Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.